JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Larry Becenti, ) No. CV 05-3107-PHX-DGC (ECV)
)
Plaintiff, ) **ORDER**
)
vs. )
)
Joseph M. Arpaio, )
)
Defendant. )
)

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #9). Plaintiff responded and Defendant replied (Doc. ##11, 12). The Court will grant Defendant's motion.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated by inadequate food, overcrowding, and unsanitary conditions at the county jail[1] (Doc. #1). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##6, 9).

In his motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a)

---

[1] Upon screening, the Court dismissed the Maricopa County Sheriff's Office as a Defendant (Doc. #6).

(Doc. #9). In support, Defendant submitted the affidavit of Susan Fisher, a Hearing Officer for inmate discipline and grievances (Ex. 2, Doc. #9). Fisher attested that, according to sheriff's office records, Plaintiff did not file any grievances from the time he was booked into the jail, August 30, 2005, to the time his filed his Complaint, October 5, 2005 (Fisher Aff. ¶ 4). Defendant also submitted a copy of the jail's internal Inmate Grievance Procedure, Policy DJ-3 (Ex. 1, Doc. #9).

The Court issued an order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #10). Plaintiff responded that he exhausted his administrative grievances prior to August 2005, and that his grievances should be on file (Doc. #11).

In reply, Defendant submitted the affidavit of Zelean Tademy, another hearing officer assigned to the Inmate Hearing Unit (Ex. 1, Doc. #12). Tademy attested that the sheriff's office records of Plaintiff – under all booking numbers including prior to August 2005 – were thoroughly checked and it was determined that Plaintiff filed just one grievance in July 2005 (Tademy Aff. ¶ 6). This grievance concerned overcrowding and unsanitary conditions resulting therefrom; however, it was only appealed up to the Bureau Hearing Officer level (Ex. 2, Doc. #12). Tademy further attested that the grievance policy does not limit the issues that an inmate may grieve and that detention officers pass out grievance forms as part of their daily duties (Tademy Aff. ¶¶ 3-4).

**II. Legal Standard**

A prisoner must first exhaust "available" administrative remedies before bringing an action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

1    Defendant bears the burden of raising and proving the absence of exhaustion. <u>Wyatt</u>
2    <u>v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of
3    abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to
4    decide disputed issues of fact. <u>Id.</u> at 1119-20. Further, a court has broad discretion as to the
5    method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's &</u>
6    <u>Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**III.  Analysis**

According to the evidence proffered by Defendant, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal to the jail commander, whose decision may be appealed to an External Referee, whose decision is final (Ex. 1, Doc. #9).

Defendant has submitted evidence that a grievance system was available for Plaintiff's claims (<u>Id.</u>; Tademy Aff. ¶¶ 3-4, Doc. #12). In his verified Complaint Plaintiff indicated that he did not submit grievances on any of his three counts because they were not grievable issues (Doc. #1 at 4-6). But in his response memorandum, Plaintiff asserted that he exhausted his available remedies prior to August 2005 (Doc. #11). These arguments are inconsistent. Further, Defendant's records reflect that Plaintiff filed just one grievance, and that grievance was only appealed to the Hearing Officer level (Ex. 2, Doc. #12). On this record, Defendant has met his burden of demonstrating the absence of exhaustion.

The Court finds that Plaintiff failed to exhaust available administrative remedies as to the three claims set forth in the Complaint. Accordingly, Defendant's motion will be granted and Plaintiff's action will be dismissed without prejudice.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #9) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 13th day of December, 2006.

_____
David G. Campbell
United States District Judge

- 4 -